**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JANA CAUDILL and LEADERS LLC,<br>d/b/a KELLER WILLIAMS REALTY LEADERS,<br><br>    Plaintiffs,<br><br>v.<br><br>KELLER WILLIAMS REALTY<br>INTERNATIONAL, INC., a corporation,<br>MARK WILLIS, an individual,<br>MARY TENNANT, an individual, and<br>JOHN DAVIS, an individual,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Cause No.: 2:11-CV-428<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This cause is before the Court for ruling on three pending motions filed by the defendants, including a motion to dismiss (docket at 18), a motion to compel arbitration (docket at 20), and a motion to transfer (docket at 22). For the reasons discussed below, the motion to transfer is GRANTED; the motion to dismiss and the motion to compel arbitration are rendered MOOT. The Clerk of the Court is hereby directed to transfer this case to the United States District Court for the Western District of Texas.

**DISCUSSION**

Plaintiff Jana Caudill is an Indiana resident and operates a real estate business, Leaders LLC, in Crown Point, Indiana. Defendant Keller Williams Realty International, Inc. (KWRI) is a Texas corporation with its principal place of business in Austin, Texas. KWRI is a nationwide franchisor of real estate brokerage offices although it does not have offices of its own outside of Texas. The individual defendants, Willis, Tennant, and Davis, are all officers and employees of KWRI and all three reside in Texas.

Since 2001, Caudill was a KWRI franchisee.  Then, in 2007, she was offered a position

as Regional Director of the Mid-American Region of KWRI.  In this position, she served as

KWRI's primary liaison to franchisees located in Illinois, half of Indiana, and a small portion of

Wisconsin.  The business relationship between Caudill and KWRI deteriorated and her franchise

was terminated in December 2011.  Caudill filed this lawsuit containing eleven counts.  Her

complaint includes allegations that KWRI breached an oral contract to give Caudill a 20%

ownership interest in the Mid-American Region she was overseeing, various allegations of fraud

on the part of KWRI, and allegations that KWRI tortiously interfered with the contract between

the parties.  KWRI asserts that this case should be transferred to the Western District of Texas as

that venue is more convenient.  KWRI argues that the acts giving rise to Caudill's allegations

mostly took place in Texas, that the defendants and most of the witnesses are located in Texas,

and that most of the documentary evidence is located in Texas.

In the instant motion, defendants request that this matter be transferred to the Western

District of Texas pursuant to 28 U.S.C. § 1404(a) for the convenience of the witnesses and

parties.  Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it

might have been brought."  28 U.S.C. § 1404(a).  Therefore, (1) venue must be proper in the

transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must serve

the convenience of the parties and witnesses and must be in the interests of justice.  *See Coffey v.*

*Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

The Court balances the following "private interests" in the convenience analysis: "(1) the

plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease and access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums." *Schumacher v. Principal Life Ins. Co.*, 665 F.Supp.2d 970, 977 (N.D. Ind. 2009). In addition, the Court considers the "interest of justice" or the "public interest," which relates to the efficient functioning of the courts. *Coffey*, 796 F.2d at 219, 220-21. These "[p]ublic interest factors include the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Valbruna Stainless, Inc. v. ADT Sec. Servs., Inc.*, 2010 WL 2772324, at *2 (N.D. Ind. July 12, 2010) (quoting *Omnisource Corp. v. Sims Bros., Inc.*, 2008 WL 2756345, at * 4 (N.D. Ind. 2008)).

Under the standard articulated in *Coffey*, defendants have the burden of proving that the Western District of Texas is "clearly more convenient" than the Northern District of Indiana. *See id.* at 219-20. The decision to transfer an action is within the sound discretion of the trial court, and the analysis is made on a case-by-case, fact-intensive inquiry; the statute does not indicate the relative weight to be accorded each factor. *Id.* at 219, 220 n. 3. Because neither party disputes that venue is proper in both the Northern District of Indiana and the Western District of Texas, the Court turns to the balancing of the private and public factors, considering each in turn.

**A. Private Factors–Convenience of the Parties and Witnesses**

*1. Plaintiff's Initial Choice of Forum and Situs of Material Events*

The Seventh Circuit has held that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus.,*

*Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508

(1947)).  And "[a] plaintiff's chosen forum is entitled to substantial deference, particularly where

the chosen forum is the plaintiff's home forum." *Schumacher*, 665 F.Supp.2d at 977.  However,

district courts within the Seventh Circuit have found that when the plaintiff's choice of forum is

not the situs of the material events, plaintiff's choice is entitled to less deference.  *See*

*Omnisource*, 2008 WL 2756345, at * 4 (quoting *Moore v. Motor Coach Indus., Inc.*, 487 F.

Supp. 2d 1003, 1006-07 (N.D. Ill. 2007)).  Also, "[i]n a breach of contract case, the situs is

where the business decisions causing the breach occurred[,] . . . considering where the agreement

was primarily negotiated and signed . . ." *Valbruna Stainless*, 2010 WL 2772324, at * 3 (quoting

*Omnisource*, 2008 WL 2756345, at *4) (citing *Hyatt Corp. v. Personal Commc'ns Indus. Ass'n*,

2004 WL 2931288, at * 3 (N.D. Ill. 2004))).

In the present case, KWRI argues that Caudill's choice of forums is not entitled to much

deference.  On the issue of deference and the issue of the situs of the events giving rise to

Caudill's lawsuit, KWRI argues as follows:

> The events giving rise to Ms. Caudill's claims occurred totally or partially in
> Texas.  She went to Texas to be interviewed, negotiated the contract in Texas, and
> reported to Texas throughout her tenure.  All the conduct of which she complains
> . . . was by Texas residents, acting in Texas.  Ms. Caudill's services were to be
> performed in part in Texas, because of the reporting function and the nature of the
> job as liaison between local franchisees and headquarters.  Her territory included
> about half of Indiana.  None of it was in Texas but the rest was not in [the
> Northern District of Indiana].  The decision to fire her was made in Texas and the
> notice of termination was sent from Texas.  The Franchise Agreement, a separate
> contract, mandates dispute resolution by ADR in Texas, recognizing the Texas
> locus of the franchise relationship.

Brief in Support of Motion to Transfer for Convenience, docket at 23, p. 6.

Caudill retorts by arguing as follows:

> The issues to be litigated in this case arise from (1) Jana Caudill's employment as
> Regional Director in which she oversaw approximately 1600 real estate agents, all
> of whom are in Indiana or else in neighboring Illinois and Wisconsin, and none of
> whom are within 1,000 miles of Texas; and (2) the franchise agreement entered
> into between Leaders, LLC and Keller Williams for a real estate office located in
> Indiana.  Despite the fact that this case is solely about Ms. Caudill's employment
> responsibilities, which centered around her office in this District, and virtually
> none of which were carried out in Texas, and Leaders, LLC's franchise, which
> was located in Indiana, Defendants seek to transfer this case to the Western
> District of Texas.

Plaintiffs' Response in Opposition to Defendants' Motion to Transfer Venue, docket at 30, p. 1.

Plaintiffs' argument misses the point.  While it is true that she was charged with overseeing real estate agents in Indiana, Illinois and Wisconsin, the location of the franchisees is not controlling.  She is not suing them.  She is suing the Texas employer with whom she entered into contracts.  All of her claims related to alleged acts and/or omissions on the part of KWRI officers and employees working in the Texas headquarters.  And, as KWRI correctly points out, the ultimate decision to fire Caudill and terminate her franchise agreement was made in Texas and communicated to her from Texas.  She was an employee of a Texas corporation.  She entered into business contracts with that corporation.  The fact that a portion of the territory she was charged with overseeing was located in this district does not carry the day.  For these reasons, the Court finds that Caudill's choice of forum is not entitled to a high degree of deference.  This is especially true given the fact that, as stated above, "[i]n a breach of contract case, the situs is where the business decisions causing the breach occurred[,] . . . considering where the agreement was primarily negotiated and signed . . ." *Valbruna Stainless*, 2010 WL 2772324, at * 3.  Accordingly, the issue of the situs of material events giving rise to this action

weigh in favor of transferring the case to the Western District of Texas.[1]

*2. Relative Ease and Access to Sources of Proof and the Convenience of the Witnesses*

Defendants argue that it would be a major inconvenience to litigate a lawsuit over

plaintiffs' claims in the Northern District of Indiana.  They point out that Caudill's amended

complaint names some 25 potential witnesses.  Of those, nine are located in Texas (including the

named defendants, of course), only three are residents of Indiana (including plaintiff and her

husband), while the rest are located in Illinois, Maryland, Arizona, California, New York, North

Carolina, and Alaska.  Defendants' Brief, p. 7.  As the defendants point out, "at this point of the

proceedings we do not know who all the witnesses will be.  But we do know who is named in the

Amended Complaint. . . . By far the most frequent location is Texas, with nine witnesses out of

25.  Indiana is a distant third, with only three potential witnesses. . . . [A]s there are four

Defendants and one Plaintiff, with all Defendants in Texas, that favors Texas.  Moreover, all of

the Defendants' corporate documents are in Texas." *Id*., pp. 7-8.

Caudill attempts to counter this argument by claiming that "the convenience of witnesses

favors the Northern District of Indiana.  Even though Defendants are the ones with the burden of

convincing this Court to overrule Plaintiffs' choice of forum, all Defendants put forward on this

point is a long list of potential witnesses and the states each are from.  Defendants completely

fail to state which witnesses are important and why.  Courts have repeatedly found that it is the

---

[1] It is also relevant to note, as defendants point out, that certain matters between plaintiffs and defendants are already the subject of a pending arbitration in Texas.  *See* motion to compel arbitration, docket at 21, exhibits 1 and 2.  And, defendants also point out, "the Franchise Agreement . . . explicitly states that it's governed by Texas law, and that all disputes arising under it must be arbitrated in Texas." Defendants' Brief, p. 3.  This fact bolsters defendants' argument that Texas is a more convenient and proper venue for this case.

importance of witnesses that matters when weighing convenience, and not a contest as to who

put together a longer list." Plaintiffs' Brief, p. 9.

Again, Caudill's argument on this issue fails. While she is correct that courts can

consider the importance of various witnesses when considering whether to transfer a case, it is

clear in this instance that crucial witnesses, i.e., the individually named defendants Caudill

alleges committed all of the acts giving rise to her complaint, reside in Texas. Also, relevant

documents that may be admitted as evidence in this case are located in KWRI's Austin, Texas

headquarters. Furthermore, defendants' arguments on this issue were not based simply on a long

witness list they created for that purpose. Defendants merely took the names of witnesses and

potential witnesses directly from Caudill's complaint and pointed out that the Western District of

Texas presents a more convenient forum for the most important of those witnesses. Clearly the

Northern District of Indiana is a convenient forum for far fewer witnesses. For these reasons, the

Court finds that these factors weigh in favor of transferring this case to the Western District of

Texas.

*3. Convenience of the Parties*

Obviously, the Northern District of Indiana is a more convenient forum for plaintiffs,

since Caudill resides in Indiana and her real estate office is located here. But given that the

events giving rise to this lawsuit took place predominately in Texas and given that she

voluntarily entered into business agreements with a Texas corporation, her choice of this district

because it is more convenient to her carries little weight.[2] Caudill's lead attorneys are located in

---

[2] Interestingly, the Northern District of Indiana was *not* Caudill's first choice of forum anyway. As the defendants note, she originally filed this lawsuit in the Northern District of Illinois, but that Court dismissed the case for improper venue and it was refiled in this Court.

Chicago, while KWRI's lead attorneys are located in Indianapolis and Chicago. (Both have employed local counsel, located in Fort Wayne, to assist while this case is pending in this district.) However, the convenience of an attorney is not a factor when considering a motion to transfer venue. *Aland v. Kempthorne*, No. 07-CV-4358, 2007 WL 4365340, at * 4 n. 5 (N.D. Ill. Dec. 11, 2007). The Court finds that these factors weigh in favor of transferring this case to the Texas Court.

### B. Public Factors

*1. Speed to Trial*

One of the public factors that can be considered when a court is deciding whether to transfer a case is the speed with which each district disposes of civil cases. KWRI points out that, according to the U.S. District Court–Judicial Caseload Profiles for the Western District of Texas and the Northern District of Indiana, found at www.uscourts.gov, the median time from filing to disposition of a civil case in the Northern District of Indiana was between 9.8 and 11.0 months from 2006 to 2010. In the Western District of Texas for the same period, the median time was between 7.4 to 9.5 months. Defendants' Brief, p. 8. For cases that actually went all the way through trial, the median time period to trial in the Northern District of Indiana ranged from 21.5 to 34.1 months, while in the Western District of Texas that range was between 14.6 to 20.6. The defendants state that "this case is likely to be resolved considerably faster in Texas.

Caudill counters by arguing that those statistics are somewhat misleading in that "a statistic does not reveal anything about the particular judges who will hear the case . . ." and that "transferring this matter to Texas will significantly delay the case." Plaintiffs' Brief, p. 16. Both

---

Defendants' Reply Brief, docket at 32, p. 1.

sides have a point here.  Overall, the statistics cited by defendants reveal that civil cases are resolved somewhat faster in the Western District of Texas than in this district.  However, even though this case was filed in the Hammond Division, it was randomly assigned to the undersigned judicial officer in the Fort Wayne Division.  The Fort Wayne Division has historically disposed of civil cases at a faster pace than the district wide statistics indicate.  And, transferring any case will slow down the process at least slightly.  The Court concludes that this factor is essentially a wash.

*2.  Familiarity with Applicable Law*

When considering whether to transfer a case, the transferor court can consider any choice of law issues and assess whether the legal issues and applicable law lend themselves to resolution by a particular court.  In this case, both Texas and Indiana law may apply depending on precisely how the legal claims and issues are framed prior to trial.  Defendants argue that in this case, both this Court and the Western District of Texas are capable of applying either Texas or Indiana law.  Defendants' Brief, p. 8.  Caudill argues that "[t]his matter involves common law and the Indiana Deceptive Franchise Practices Act . . ." and that "there is an advantage to having Indiana law decided by a court located in Indiana."  Plaintiffs' Brief, p. 16.

However, the Court finds a choice of law analysis at this stage of the litigation unnecessary because both courts are equally equipped to apply the appropriate state law to this breach of contract case.  "[W]here the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts."  *First Nat. Bank v. El Camino Res., Ltd.*, 447 F.Supp.2d 902, 914 (N.D. Ill. 2006).  Neither party argues that the law applicable to this case is particularly complex or unsettled.  The Court finds that this factor is neutral.

*3. The Desirability of Resolving Controversies in their Locale*

Of course, Caudill argues that since she had her KWRI franchise in Indiana and part of her responsibilities involved overseeing some franchisees in Indiana, it would be more desirable to have this case resolved by an Indiana court. But, state the defendants, "[w]hile this is not a case arising from an accident or some incident of community-wide concern, it would seem that Texas, where the nationwide Keller Williams Realty system is based, has a greater interest in the controversy than Indiana." Defendants' Brief, p. 8.

The Court concludes that this factor is not determinative. This is a business dispute between an Indiana company and a Texas company. It does not appear to be the sort of dispute that would have a significant impact on the public interest in either venue. For this reason, this factor is not significant in the Court's decision concerning transfer.

Having balanced all the factors, the Court concludes that the private factors of plaintiffs' choice of forum, the relative ease and access to sources of proof, and the convenience of the witnesses weigh in favor of the Western District of Texas and that the public factors have little or no significance. Therefore, the Court finds that defendants have demonstrated that the Western District of Texas is clearly a more convenient forum than the Northern District of Indiana, and the Court grants the motion to transfer.

**CONCLUSION**

For the reasons set forth above, the motion to transfer is GRANTED.  The motion to

dismiss and the motion to compel arbitration are rendered MOOT.[3]  The Clerk of the Court is

hereby directed to transfer this case to the United States District Court for the Western District of

Texas.

Date: July 11, 2012.


/s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana

---

[3] Of course, defendants may renew their motion to dismiss and their motion to compel arbitration in the Western District of Texas pursuant to that Court's local rules and procedures.